CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED
AUG 03 2011
JULIA C. DUDLEY, CLERK
BY:
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
DANVILLE DIVISION

| | |
|---|---|
| FEDERAL NATIONAL MORTGAGE ASSOCIATION, | ) ) ) |
| Plaintiff, | ) Civil Action No. 4:11-cv-00016 ) ) |
| v. | ) MEMORANDUM OPINION ) |
| JOHN M. GOODE, | ) ) By: Samuel G. Wilson |
| Defendant. | ) United States District Judge |

This is an action originally brought in the Halifax County General District Court by plaintiff, Federal National Mortgage Association ("Fannie Mae"), against defendant, John Goode, for unlawful detainer under Virginia law. On April 19, Goode filed an answer and asserted numerous counterclaims, some of which asserted that Fannie Mae violated various federal laws. Goode then removed the case to this court under 28 U.S.C. § 1446, asserting that the court had original federal question jurisdiction over the case under 28 U.S.C. § 1331. On July 8, 2011, the court noted that Goode had not demonstrated how Fannie Mae's unlawful detainer action raised a federal question under 28 U.S.C. § 1331, or that the parties met the diversity requirements of § 1332, and ordered Goode to show cause as to why the court should not remand the case for lack of subject matter jurisdiction. Goode's subsequent filing failed to establish the basis for the court's jurisdiction under either §§ 1331 or 1332. Consequently, the court remands the case to the Halifax County General District Court under 28 U.S.C. § 1447.

A defendant may remove a case to federal court only if the plaintiff could have filed it there originally. Chicago v. Int'l Coll. of Surgeons, 522 U.S. 156, 163 (1997); 28 U.S.C. § 1441(a). Original jurisdiction exists in three circumstances: (1) "the parties are diverse and meet the statutory requirements for diversity jurisdiction" set forth in 28 U.S.C. §1332; (2) "the face of

the complaint raises a federal question;" or (3) "the subject matter of a punitive state law claim has been totally subsumed by federal law -- such that the state law cannot even treat on the subject matter." Barbour v. Int'l Union, 640 F.3d 599, 628 (4th Cir. 2011) (Agee, J., concurring) (quoting Lontz v. Tharp, 413 F.3d 435, 439-40 (4th Cir. 2005)). Federal jurisdiction cannot rest upon a defendant's actual or anticipated counterclaim. Vaden v. Discover Bank, 129 S. Ct. 1262, 1272 (2009).

Goode does not claim that Fannie Mae's complaint raises any federal issues. Instead, Goode argues that his federal counterclaims provide subject matter jurisdiction under 28 U.S.C. § 1331. However, the Supreme Court has "emphatically" ruled that counterclaims cannot provide the basis for jurisdiction. Vaden, 129 S. Ct. at 1272. Goode also appears to make an odd preemption argument, suggesting that any time that Fannie Mae appears as a party in a case, all of the issues in the case are necessarily preempted by federal law and must be heard in federal court. For this proposition, Goode cites 12 U.S.C. § 1723a, which merely gives Fannie Mae the authority to "sue and to be sued, and to complain and to defend, in any court of competent jurisdiction, State or Federal." Nothing in this passage indicates that federal courts have exclusive jurisdiction over all cases involving Fannie Mae.

For these reasons, the court finds that the case was improperly removed and remands the case to the Halifax County General District Court under 28 U.S.C. § 1447.

**ENTER**: August 3, 2011.

UNITED STATES DISTRICT JUDGE